Paula ZAPILER, David Zapiler, Isaac Koll, Zahava Koll, Ira Brenner, Fay Brenner, Individually and as General Partners of First Sheridan Associates, and I.D.I., Inc., d/b/a Birchwood Pavilion Care Center, Plaintiffs,

v.

Anthony ROBBINS, former Executive Director of Colorado Department of Health, Armando R. Antencio, Executive Director of Colorado Department of Social Services, Sheila H. Meer, former Assistant Attorney General of Colorado, Gregory C. Smith, Assistant Attorney General of Colorado, Defendants.

Civ. A. No. 79–Z–840.

United States District Court,
D. Colorado.

Feb. 25, 1981.

Lawrence M. Henry, Atler, Zall & Haligman, Denver, Colo., for plaintiffs.

Duncan W. Cameron, Hall & Evans, Denver, Colo., Eva Camacho Woodard and Deanna Hickman, Asst. Attys. Gen., Denver, Colo., for defendants.

## ORDER GRANTING MOTION TO DISMISS

WEINSHIENK, District Judge.

This matter is before the Court on defendants' Motion to Dismiss. The individual plaintiffs are equal general partners of First Sheridan Associates, the owner and lessor of the premises upon which plaintiff I.D.I., Inc., (IDI) operated a nursing care facility, Birchwood Pavilion Care Center (Birchwood). Invoking 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343, plaintiffs seek damages from the defendant state officials, Anthony Robbins, Armando Antencio, Sheila Meer, and Gregory Smith, for an alleged violation of plaintiffs' constitutional right of access to courts.

According to the Amended Complaint and to the "Stipulation for Entry of Final Agency Action" (Stipulation), Exhibit A of the Amended Complaint, in December 1977, the Colorado Department of Health licensed Birchwood for the period December 9, 1977, through December 8, 1978, and also certified it to participate in the Title XIX (Medicaid) Colorado Medical Assistance Program. The Colorado Department of Social Services granted the facility a participation contract effective October 1, 1977, through July 31, 1978. In early March 1978, offi-

cials from the Jefferson County Department of Public Health and from the Colorado Department of Health conducted separate unannounced inspections of Birchwood. Serious health code violations were found during each inspection. After a hearing, the County Department granted the facility thirty days within which to remedy the deficient conditions. The state officials notified the facility operators of numerous state and federal violations. They threatened termination of Medicaid payments and revocation of the license unless the plaintiffs agreed to sign the Stipulation. One of the provisions of the Stipulation was that all parties waive their right to judicial review of the "final agency action" embodied in the Stipulation. In response to these threats, Paula Zapiler, President of IDI, and Leland Huttner, counsel to IDI, signed the Stipulation. Thereafter, as a result of the allegedly invalid agreement, the individual plaintiffs lost the premises in a foreclosure proceeding, and IDI lost the Birchwood facility.

Plaintiffs urge that defendants coerced them to sign the Stipulation, and so, violated their constitutional right of access to the courts. Defendants seek dismissal of the action, contending that in pursuing settlement of the administrative proceeding, they acted in their quasi-judicial capacities and, hence, are absolutely immune from liability for damages caused by such actions. Having considered the parties' respective positions, as set forth in their briefs, and the relevant case law, the Court is now prepared to rule on the Motion.

In *Butz v. Economu*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), the Supreme Court declared,

> We also believe that agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts. The decision to initiate administrative proceedings against an individual or corporation is very much like the prosecutor's decision to initiate or move forward with a criminal prosecution. An agency official, like a prosecutor, may have broad discretion in deciding whether a proceeding should be brought and what sanctions should be sought ....

348 U.S. at 515, 98 S.Ct. at 2915. The Court also endorsed previous decisions of the Circuit Courts of Appeal which refused to recognize different standards of immunity for state officials "sued under § 1983 and federal officers sued on similar grounds under causes of action founded directly on the Constitution," 438 U.S. at 499, 98 S.Ct. at 2907, quoting *Economu v. United States Department of Agriculture*, 535 F.2d 688 at 695, n. 7 (2d Cir. 1976). See *Butz*, 438 U.S. at 499–500, 98 S.Ct. at 2907. Thus, the principles enunciated in *Butz*, a suit against federal administrative agency officials, are applicable in this suit against state agency officials.[1]

■ The sole limitation upon an agency official's immunity from suit for damages is that the official act in question be within the scope of the official's judicial function. *Butz*, 438 U.S. at 511–12, 98 S.Ct. at 2913–14; *Imbler v. Pachtman*, 424 U.S. 409, 429–31, 96 S.Ct. 984, 994–96, 47 L.Ed.2d 128 (1976). Hence, the critical issues are whether the defendant officials' decision to enter into the Stipulation for Entry of Final Agency Action was an integral aspect of their quasi-judicial function, and if so, whether they had the authority to include in the Stipulation the provision for waiver of judicial review.

■ While the Court has been unable to find any cases directly in point, the Court believes that judicial decisions which discuss a prosecutor's authority in plea bargaining are closely analogous to the present situation and that they provide useful guidance. In *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Supreme Court upheld the constitutionality of plea bargaining and, inferentially, affirmed the authority of a prosecutor to enter into

---

1. Although defendant Gregory Smith is an Assistant Attorney General, his actions in this case were taken in connection with administrative enforcement proceedings. The Court will refer to all of the defendants, including Gregory Smith, as state agency officials.

agreements with criminal defendants which provide, *inter alia*, for the waiver of the defendant's right to trial before a jury or a judge. 397 U.S. at 748, 90 S.Ct. at 1468. This Court is persuaded that, just as plea bargaining is an integral part of a district attorney's or a public defender's function, *Briley v. State of California*, 564 F.2d 849, 856, 858 (9th Cir. 1977); *Miller v. Barilla*, 549 F.2d 648, 649, n. 3 (9th Cir. 1977), the negotiation of a settlement agreement in connection with administrative enforcement proceedings is an essential aspect of a state agency official's function. The inclusion of a provision for waiver of the right to judicial review in the consent decree is no more beyond the authority of agency officials than is the inclusion of a waiver of the right to trial in a plea agreement beyond the authority of prosecutors. Because the defendants were acting within the scope of their administrative authority, both in initiating the investigation of the Birchwood Pavilion Care Center and in entering into the Stipulation for Entry of Final Agency Action, they are absolutely immune from suit for damages which the Stipulation allegedly caused the plaintiffs. Therefore, it is

ORDERED that defendants' Motion to Dismiss is granted and judgment for dismissal shall be entered for the defendants, the parties to pay their own costs.

